UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
YESSUH SUHYES HUSSEY,

                Plaintiff,                **MEMORANDUM AND ORDER**
                                                                              23-CV-1786 (PKC) (LB)

       -against-

THE DRIVER OF THE 4 TRAIN JOHN/JANE
DOE; and COMMISSIONER YDANIS RODRIGUEZ,
Metropolitan Transportation Authority,

                Defendants.
-----------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      Plaintiff Yessuh Suhyes Hussey, a serial filer, brings this *pro se* action pursuant to 42 U.S.C. § 1983.[1] Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the complaint is dismissed.

## BACKGROUND

      Plaintiff brings this action alleging that on January 18, 2019, he was injured on a subway train, "due to John Doe the driver of the 4 train stopping the train too sharply compare[d] to stopping at normal speed. I fell backwards and hit the top right side of my head." (Complaint, Dkt. 1, at 3–4). Plaintiff states that he received a laceration on his scalp and was transported to a local hospital. (*Id*. at 4.) Plaintiff seeks monetary damages. (*Id*. at 5.)

## STANDARD OF REVIEW

      A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff

---

[1] At the time of filing, Plaintiff was being held at the Anna M. Kross Center on Rikers Island but was released from custody on March 2, 2023. *See* https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf (last visited March 27, 2023). Plaintiff has filed sixty (60) cases in recent months, including forty-three (43) cases on the same day.

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

A district court shall dismiss an *in forma pauperis* action where it is satisfied the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A plaintiff seeking to bring a lawsuit in federal court must also establish that the court has subject matter jurisdiction over the action. "[F]ailure of subject matter jurisdiction is not waivable and may be raised ... by the court sua sponte. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *see also* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Plaintiff's claim, which is brought pursuant to 42 U.S.C. § 1983, fails to state a claim upon which relief may be granted. Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for

vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

To the extent that plaintiff seeks to hold the Metropolitan Transit Authority ("MTA") liable for his injuries, his claim fails. To allege a claim for relief under Section 1983 against a municipal defendant, such as the MTA, a plaintiff must allege that a policy, custom, or practice caused the deprivation of the plaintiff's constitutional rights. *See Rosati v. Long Island R.R.,* No. 21-CIV-8594, 2022 WL 3597761, at *2 (S.D.N.Y. Aug. 23, 2022) (dismissing *Monell* claims against MTA and LIRR). Here, the plaintiff fails to allege any facts to support an inference that an official policy or custom of the MTA caused a violation of any federally protected right. *See* 28 U.S.C. § 1915(e)(2)(B).

Although the Plaintiff names MTA Commissioner Ydanis Rodriguez as a defendant, he fails to allege any factual allegations against Commissioner Rodriguez. "It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). To establish personal involvement, a plaintiff must plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676). Plaintiff fails to plead any facts to show that Commissioner Rodriguez had any personal involvement in any of the alleged violations asserted

in his complaint. *See, e.g., Rodriguez v. Winski*, 973 F. Supp. 2d 411, 426 (S.D.N.Y. 2013) (dismissing claims against former MTA Commissioner for lack of personal involvement). Accordingly, Plaintiff's claim against Commissioner Rodriguez is dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Finally, to the extent that Plaintiff seeks to assert a claim for negligence against the driver of the 4-train, any such claim arises under state law. *Wilson v. Neighborhood Restore Dev.*, No. 18-CV-1172 (MKB), 2018 WL 2390143, at *3 (E.D.N.Y. May 18, 2018) (citing *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 182 (2d Cir. 2015)); *see also Eley v. New York City Transit Auth.*, No. 14-CV-6886 (PKC), 2014 WL 6983452, at *2 (E.D.N.Y. Dec. 10, 2014) ("Plaintiff's personal injury claims fare no better: 'claims of personal injury . . . are state common law claims that do not come within the purview of [ ] 28 U.S.C. § 1331."). Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state law claims. *See Kolari v. N.Y. Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 confirms the discretionary nature of supplemental jurisdiction.") (internal quotations and citation omitted).

## FILING INJUNCTION WARNING

The federal courts have limited resources. Frequent frivolous filings work to diminish the ability of the courts to manage their dockets for the efficient administration of justice. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted). As previously noted, plaintiff has filed 60 complaints in recent months, including 43 complaints on the same day.

Plaintiff is therefore warned that the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court. *See In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints.").

## CONCLUSION

Accordingly, Plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is directed to enter judgment, close this case, and mail a copy of this Memorandum and Order to Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: April 17, 2023
       Brooklyn, New York